FILED
8/10/2026 11:49 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**IN RE: Scott L. Jasper dba Jasper Home Improvements**
Debtor(s)

BK. NO. 25-70481-JAD

CHAPTER 13

Lakeview Loan Servicing, LLC, its successors and/or assigns
Movant

RELATED TO DOCKET NO. 30

v.

Scott L. Jasper dba Jasper Home Improvements
Respondent

and

Bethany D. Jasper
Co-Debtor

and

Ronda J. Winnecour, Trustee
Additional Respondent

## RESPONSE AND OBJECTION OF BETHANY D. JASPER, CO-DEBTOR, TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND RELIEF FROM CO-DEBTOR STAY (DOC. 30)

Bethany D. Jasper, Co-Debtor and co-owner of the premises at 39 Lawton St., Madera, Pennsylvania 16661, appearing pro se and responding only on her own behalf, respectfully objects to Lakeview Loan Servicing, LLC's Motion at Docket No. 30. Bethany D. Jasper and Scott L. Jasper are divorced. Scott L. Jasper does not reside at the mortgaged premises. Bethany D. Jasper resides at the premises. The divorce decree did not dispose of or award the real property. Without waiving any rights or defenses, she responds to the numbered averments as follows:

**1.** Bethany D. Jasper lacks sufficient information to admit or deny Lakeview's status as holder/servicer and therefore leaves Lakeview to its proof.

2. Denied to the extent Paragraph 2 states or implies that Scott L. Jasper is the only owner of the premises. Bethany D. Jasper states that she is also a co-owner of the premises at 39 Lawton St., Madera, PA 16661, that she resides at the premises, and that Scott L. Jasper does not reside there.

**3.** Bethany D. Jasper admits that a mortgage transaction exists concerning the premises but lacks sufficient information to admit the complete chain of assignment, amounts, and legal effect alleged, and therefore leaves Lakeview to its proof.

**4.** Denied to the extent Lakeview seeks relief based on an alleged payment default without establishing the current amount, dates, and status of any default. Bethany D. Jasper requests strict proof of the alleged missed monthly payments and any amounts presently due.

**5.** Bethany D. Jasper lacks sufficient information to admit the exact payoff amount of $55,837.32 as of July 1, 2026 and requests proof of the payoff calculation.

**6.** Bethany D. Jasper lacks sufficient information to admit the alleged Chapter 13 Trustee delinquency of $5,262.00 as of July 15, 2026. She requests that the Court consider the Trustee's current records, including any payments or cure occurring after that date.

**7.** Bethany D. Jasper acknowledges that Lakeview states it has incurred legal fees and costs, but she does not admit that any particular fee or cost is due, reasonable, allowable, or recoverable.

**8.** Bethany D. Jasper notes that Lakeview alleges a total pre-petition arrearage of only $12.80. She lacks sufficient information to admit the exact amount but relies on Lakeview's representation for purposes of this objection.

**9.** Bethany D. Jasper lacks sufficient information to admit or deny Lakeview's allegation that there are no senior lienholders and therefore leaves Lakeview to its proof.

**10.** Bethany D. Jasper lacks sufficient information to admit or deny Lakeview's allegation that there are no junior lienholders and therefore leaves Lakeview to its proof.

**11.** Denied. Lakeview alleges that there is no or inconsequential equity, but its own Motion states a payoff of $55,837.32 and a property value of $140,000.00. Those figures reflect an apparent difference of approximately $84,162.68 before costs and any other properly chargeable amounts.

**12.** Bethany D. Jasper notes Lakeview's allegation that its Broker Price Opinion dated July 28, 2026 values the premises at $140,000.00. She does not waive the right to contest the valuation, but notes that Lakeview's own valuation appears inconsistent with Paragraph 11.

**13.** Denied. Bethany D. Jasper objects to termination or modification of the co-debtor stay and to relief that would permit foreclosure against her interest in the premises.

**14.** Bethany D. Jasper lacks sufficient information to admit or deny Lakeview's reservation of rights concerning additional amounts, fees, or costs and leaves Lakeview to its proof as to any such amounts.

## ADDITIONAL OBJECTION AND REQUEST FOR RELIEF

Bethany D. Jasper is the named Co-Debtor in Lakeview's Motion and has an ownership and mortgage/note interest in the property. She desires to retain her home and opposes relief from the co-debtor stay under 11 U.S.C. § 1301.

Lakeview's Motion itself alleges a $140,000.00 value, a $55,837.32 payoff, no senior liens, no junior liens, and a pre-petition arrearage of $12.80. Bethany D. Jasper respectfully requests that the Court require Lakeview to establish the factual and legal basis for stay relief, including the alleged current payment default and the asserted lack of equity.

To the extent a legitimate Chapter 13 plan-payment delinquency exists and is relevant to the requested relief, Bethany D. Jasper requests that the Court consider the current Trustee record and any feasible cure or other appropriate conditions before permitting foreclosure.

Bethany D. Jasper and Scott L. Jasper are divorced. The divorce decree did not dispose of or award the real property. Scott L. Jasper does not reside at the mortgaged premises. Bethany D. Jasper resides at the premises and asserts her ownership, contractual, and possessory interests in the property and mortgage. Accordingly, the relief requested by Lakeview directly affects her interests in her residence.

**WHEREFORE,** Bethany D. Jasper respectfully requests that the Court deny Lakeview's Motion insofar as it seeks relief from the co-debtor stay or other relief affecting her interest in the premises, or alternatively continue the matter and/or impose appropriate conditions while any legitimate delinquency is addressed.

Respectfully submitted,

[signature]

Bethany D. Jasper, Co-Debtor, Pro Se
39 Lawton St.
Madera, PA 16661
814-577-7542
Beth_rooty@yahoo.com
Date: 8-10-26